IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEROY ROSS, )<br>      Plaintiff, )<br>v. )<br>)<br>D. COCKRELL, Assistant Warden, ET. AL., )<br>      Defendants. ) | No. 3:15-CV-3580-L |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff is a state prisoner confined in Lovelady, Texas. He filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Assistant Warden Cockrell, Major Session and Officer Little who are employed at the Hutchins State Jail.

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs while he was incarcerated in the Hutchins State Jail. He states he was housed in a pod that did not have a handicapped-accessible shower, and that he requires a handicapped-accessible shower because of an amputated leg. He states that on December 1, 2014, he informed Officer Little that he needed a handicapped-accessible shower. He also states he sent notification to Assistant Warden Cockrell that he needed a handicapped-accessible shower. Plaintiff claims he did not

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

shower from December 1, 2014 through December 4, 2014. On December 5, 2014, Plaintiff states Officer Little told him he would take Plaintiff to another pod that had a handicapped-accessible shower, but Officer Little did not take him to the other pod. Plaintiff does not state why Officer Little did not take him to the pod that had a handicapped-accessible shower. Plaintiff states he showered on December 5th in his pod's shower and fell, injuring his back and neck. He states he was taken to Parkland Hospital where they provided him with pain medications. He states he returned to the jail that same day, and that jail officials took his pain medication from him. He claims Defendant Major Session failed to properly train his employees to care for handicapped inmates. He seeks placement in a medical unit and money damages.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -2-

face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

#### A. Medical Care

Plaintiff claims Defendants failed to adequately provide for his medical needs by failing to provide him with a handicapped accessible shower. Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." Although Plaintiff states he sent notification to Assistant Warden Cockrell that he needed a handicapped-accessible shower by filing a grievance, the grievance is dated as received by jail officials on December 5, 2014. (*See* Compl. Attachments.) It is unknown whether Defendant Cockrell received this

**Findings and Conclusions of the**
**United States Magistrate Judge**         Page -3-

grievance prior to Plaintiff's December 5, 2014, injury. Plaintiff states he was moved to a medical unit pod on December 6, 2014. Plaintiff states he informed Officer Little of his need for a handicapped accessible shower on December 1st and that on December 5th Officer Little stated he would take Plaintiff to a pod with a handicapped-accessible shower.[1] (Magistrate Judge's Questionnaire, Answer 1C.) Plaintiff does not specify why Officer Little did not take him to a pod with a handicapped accessible shower on December 5th. Plaintiff's allegations establish, at most, a claim of negligence. Negligent conduct does not rise to the level of a constitutional violation. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette*, 434 U.S. 555, 556 (1978). Plaintiff's claims should be dismissed.

Additionally, as to Plaintiff's claim that his pain medication was taken from him when he returned from Parkland Hospital to the jail, his allegations fail to establish deliberate indifference. Although the Magistrate Judge's Questionnaire ordered Plaintiff to state all facts supporting his claims, Plaintiff does not state how long he was without pain medication, or that he was provided no pain medication for his injury. Plaintiff's claims are without merit.

2. **Failure to Train**

Plaintiff claims Defendant Session failed to properly train his employees to care for handicapped inmates. "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). The plaintiff must also show that: "(1) the

---

[1] Plaintiff's answers to the Magistrate Judge's Questionnaire state he informed Officer Little of his need for a handicapped-accessible shower on December 1, 2014. In the grievance Plaintiff attaches to his complaint, he states he informed Officer Little of his need for a handicapped-accessible shower on December 3, 2014.

**Findings and Conclusions of the**
**United States Magistrate Judge**       Page -4-

supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir.2009) (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)). Plaintiff has neither "alleged with specificity" how Defendant Session's training of his employees was deficient, nor has he showed deliberate indifference to his serious medical needs. Plaintiff's claims should be dismissed.

## IV. Recommendation

The Court recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this 16 day of February, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).